Robert C. KULP

v.

UNITED STATES of America and Interstate Commerce Commission.

No. 37321.

United States District Court
E. D. Pennsylvania.

Feb. 8, 1965.

V. Baker Smith, Philadelphia, Pa., James J. Doherty, Friedman & Goodman, Baltimore, Md., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., Robert W. Ginnane, Philadelphia, Pa., Interstate Commerce Commission, Washington, D. C., for defendants.

WOOD, District Judge.

This action is a Complaint to set aside and annul an order of the Interstate Commerce Commission and for the issuance of a mandatory injunction.[1] An application has been made for the appointment of a Three Judge Court under 28 U.S.C.A. §§ 2325 and 2284.

According to the allegations contained in the Complaint before this Court, the plaintiff sought leave to intervene in proceedings before the Commission. (Docket No. MC–F–8290, Arthur N. Anders—Control—Jetway, Inc.) The Commission by Order of Division No. 3, dated April 10, 1964, denied his right to intervene, and, as stated in the Complaint " * * * on the sole grounds that the Plaintiff, having sold his stock in Jetway, Inc., has no sufficient interest in the proceeding under Section 5(2) of the Interstate Commerce Act to warrant the granting of leave to intervene and oral hearing."

The Complaint is devoid of any allegations which if proven would convince the Court of a legal right or interest which would be injuriously affected by the order. He makes the bare allegation that he is an individual with his residence located in Pennsylvania.

"The Courts are unanimous in holding that in order for a person to be in position to maintain a complaint to set aside an order of the Commission, he must show that he has a legal right or interest that will be injuriously affected by the order. Moffat Tunnel League v. United States, 289 U.S. 113, 119, 53 S. Ct. 543, 545, 77 L.Ed. 1069, 1073. In order to set forth a cause of action 'the complaint must show that plaintiff has, or represents others having, a legal right or interest that will be injuriously affected by the order.' Moffat, supra." Benton v. United States, 114 F.Supp. 37, 44 (M.D.Ga. 1953)

We find no such interest stated in the Complaint, and we accordingly enter the following:

ORDER

And now, this 8th day of February, 1965, it is ordered that the plaintiff's Complaint is dismissed, and it is further ordered that his application for the appointment of a Three Judge Court is Denied.

1. Jurisdiction is pleaded under 28 U.S.C.A. § 1336 and 49 U.S.C.A. § 17(9).